7310

ELIAS v. LOEB.

TRUSTEE—WILL.—The provision of a will directing a trustee "to pay such portion of said funds either principal or interest for the maintenance and education of the said grandchildren as he in his judgment and discretion may think necessary for them from time to time as their necessities may require," limits the exercise of the discretion of the trustee to the payment of such items as his wards should need.

Before GAGE, J., Charleston, February, 1908. Affirmed.

Action by Rosalie Elias *et al.* against Bluhma C. Loeb, executrix of Lee Loeb. From Circuit decree, defendant appeals.

*Messrs. Mordecai & Gadsden, Rutledge & Hagood,* for appellant. No citations.

*Messrs. Nathans & Sinkler,* contra, cite: *As to powers:* Bail. Eq., 529; 41 S. C., 495; 55 S. C., 130; 45 N. Y. S., 9.

October 8, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. In this action plaintiffs seek to recover of the executrix of Lee Loeb, deceased, certain funds alleged to belong to them, held by Lee Loeb, as trustee, under the will of Mrs. Henrietta Loeb. The issues were referred to Master G. H. Sass, who made a careful report, showing the amount due to each plaintiff. The Circuit Court, Judge Gage, affirmed the master's report in all particulars except one, the refusal of the master to allow the trustee credit for the rent of the Wentworth street house, occupied by the beneficiaries, and due to him. This modification of the master's report is not the basis of any exception.

Mrs. Henrietta Loeb, who died in May, 1895, left a will by which she provided that her whole property should remain intact for five years from her death, and the revenue therefrom was to be paid towards the support of her grandchildren, Rosalie, Henrietta, Louise, Herbert and Harold Elias, who are plaintiffs. After the expiration of this period the property was to be sold, and from the proceeds a fund of five thousand dollars was directed to be divided, share and share alike, among the said grandchildren. Lee Loeb was made trustee for the plaintiffs, and directed to invest the funds in such safe and productive securities as he may deem best, so as to produce the best income, consistent with security; and the trustee was empowered to sell and reinvest the said funds in such securities as he may deem best, from time to time.

By the tenth item of the will, the construction of which is the pivotal point of the appeal, the trustee was directed "to pay such portion of said funds, of either principal or interest, for the maintenance and education of the said grandchildren, as he in his judgment and discretion may think necessary for them, from time to time, as their necessities may require."

Lee Loeb qualified as executor of said estate, and as such executor and trustee received the said sum of five thousand dollars. In October, 1905, he died, without having accounted for said funds, leaving his will, whereof the defendant qualified as executrix.

The trustee kept no separate accounts of the funds, of $1,000 each, and rendered no statement of his disbursements during his lifetime to any of the plaintiffs. It appears that the fund was mixed with the personal funds of the trustee, who was a member of the mercantile firm of Louis Cohen & Co., and the disbursements were made by various sums paid over to Miss Rosalie Elias, for the benefit of herself and the other plaintiffs, and were charged against Lee Loeb upon the books of Louis Cohen & Co., and in order

520                  Elias *v.* Loeb.

to vouch the account it was necessary to prove each item marked upon the general account of Lee Loeb, as for the Elias children.

In making up the accounts the master held it incumbent on behalf of the trustee to show that all the expenditures of the principal were strictly for necessaries, taking into consideration the condition and station of the beneficiaries; that it was not sufficient to show that the *cestui que trustent* received the benefit of the principal sums expended, but it must appear that a sound and judicious discretion was exercised in the matter by the trustee.

The Circuit Court agreed with the master as to the construction of the will, holding that the words, "as their necessities may require," limited the exercise of the discretion of the trustee to the payment of such items as his wards should need, and that the intent was that each of the wards should have $1,000, diminished by whatever was necessary for the maintenance and education of the child.

The Court further held that, so far as the testimony shows, nothing was spent for education, and that which was spent for maintenance was expended without reference to the needs of the wards.

Appellant's contention is that the trustee had absolute discretion to expend for the wards such portion of the $5,000 fund, treated as a whole, as he might deem necessary; a general power to pay out the fund according to his will.

We agree with the construction of the will given by the master and the Circuit Court. Any other construction would deprive the words, "as their necessities may require," of any meaning whatever. The addition of these words show that the intention of the testatrix was to limit or qualify the preceding terms, investing the trustee with discretion to expend principal as well as interest of the fund.

The exceptions are overruled and the judgment of the Circuit Court is affirmed.